UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:21-CV-00018-BJB-LLK

GARY ZAKUTNEY                                                                                    PLAINTIFF

v.

DARLINE MOORE, *et al.*                                                                  DEFENDANTS

**OPINION & ORDER**

Judge Benjamin Beaton referred this matter to U.S. Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions. [DN 14].

On September 3, 2021, Defendants filed their Motion to Quash and for Protective Order. [DN 25]. Plaintiff responded to the motion on September 24, 2021 and proffered an Agreed Protective Order. [DN 27]. And on October 4, 2021, Defendants filed their reply. [DN 29]. The Motion is now fully briefed and ripe for adjudication. For the reasons set forth herein, the Defendants' Motion to Quash, [DN 25], is **DENIED** and the Court **DECLINES** to enter the Agreed Protective Order, [DN 27-1], but the Court will consider an Agreed Order that comports with this opinion**.**

**MOTION TO QUASH**

Defendants seek to quash three subpoenas to customers: Wanda Frye, Tracy Stoner, and Dennis Bloker[1], [DN 25 at 1-2, 6]; and one to Glenn Brinkman, a supplier, [DN 25 at 2, 4].

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). And

---

[1] These three individuals are representatives of Semper Fire, SH Goren, Iodized Air. [DN 25 at 2].

1

"district courts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal right exists in the information sought." *Polylok Inc v. Bear Onsite, LLC*, 2016 WL 7320889, at *1 (W.D. Ky. Dec. 15, 2016) (collecting cases).

Defendants make no claim of privilege. Instead, they argue:

> The Non-Party Subpoenas seek confidential, commercial and financial documentation relating to Defendants' or non-parties' businesses (i.e., O2Prime and SMP), including customer lists, sales figures, sales quantities, product pricing, account information, contracts, and information relating to Defendants' commercial negotiations. Defendants' personal rights and privacy interests are directly implicated by the Non-Party Subpoenas. Defendants, therefore, have standing to contest the Non-Party Subpoenas.

Defendant's' confidentiality and personal rights arguments will be handled in turn. First, "[t]hat documents are confidential 'is not in itself grounds for quashing a subpoena.'" *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 2013 WL 146362, at *5–6 (S.D. Ohio Jan. 14, 2013) (quoting *Hackmann,* 2009 WL 330314, at *2.) This is particularly true where Defendant offers no argument, evidence or proof to substantiate their claim. See e.g. *Hamm v. Cunningham*, 2012 WL 13027079, at *1 (N.D. Ohio May 16, 2012).

Second, Defendants correctly identify the standard, that "[p]ersonal rights or interests sufficient to confer standing to quash a subpoena can arise in a variety of contexts, such as a party's employment or financial records held by a subpoenaed non-party." [DN 25 at 4 (quoting *Boodram v. Coomes*, 2016 U.S. Dist. LEXIS 197323, *6 (W.D. Ky. Jan 5, 2016)].[2]

While Defendants' claims to rights in financial and employment records may facially appear to fall under the exceptions they identified, Defendants do not argue that *their* financial

---

[2] While "Plaintiff does not contest Defendants' standing on this basis[,]" [DN 27 at 5], this is a threshold issue, and must be determined by the Court.

2

records are protected, but that "financial documentation relating to Defendants' business" is protected. [DN 25 at 2]. This far exceeds the narrow exceptions recognized by District Courts in this circuit. See, e.g., *Barrentine v. Home Depot USA, Inc.*, 2009 WL 10681146, at *2 (W.D. Ky. Oct. 21, 2009) ("Because [Plaintiff] is not the individual to whom the subpoena is addressed, nor is she or her employment records the subject of such subpoena, it is clear to the Court that [Plaintiff] lacks any standing."); *Queen v. City of Bowling Green*, 2017 WL 4355689, at *3 (W.D. Ky. Sept. 29, 2017) ("recognizing standing due to a personal interest in his individual employment records"); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) ("plaintiffs have standing to seek to quash the subpoenas seeking their employment and scholastic records."); *FIP Realty Co. v. Ingersoll-Rand plc*, 2020 WL 6060412, at *2 (S.D. Ohio Oct. 14, 2020) (quoting *Riding Films, Inc. v. John Does 129-193*, 2013 WL 3322221, at *4 (S.D. Ohio July 1, 2013) ("Personal rights or privileges supporting a claim to standing 'have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records.'"); *Whiting v. Trew*, 2020 WL 6468131, at *7 (E.D. Tenn. Nov. 3, 2020) (internal citation omitted) ("the Court does not find that the subpoenas seek personal information similar to analogous cases . . . . For example, courts have recognized that a party has a personal interest in his or her employment records held by a subpoenaed non-party ... and in banking records of a party in the possession of a financial institution...."); *Polylok Inc v. Bear Onsite, LLC*, 2016 WL 7320889, at *1 (W.D. Ky. Dec. 15, 2016) (quoting *United States v. Idema*, 118 Fed.Appx. 740, 744 (4th Cir., 2005) ("stating that a personal right may be found where the nature of the information is 'highly personal and confidential'")); *Sys. Prod. & Sols., Inc. v. Scramlin*, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (recognizing a personal right to his personal—as opposed to work—emails and phone records"); But See *Schaumleffel v. Muskingum Univ.*, 2019

WL 3071851, at *3 (S.D. Ohio July 15, 2019) (collecting cases) ("The law is clear that only . . . the entity responding to the subpoena, has standing to argue undue burden or relevance."). Thus defendants lack standing to quash the subpoena.

Finally, Plaintiff makes a number of relevance arguments, [DN 25 at 6], but "whether or not [the relevance arguments] are well-founded, [Defendants have] no standing to move to quash." *Hackmann v. Auto Owners Ins. Co.*, 2009 WL 330314, at *2 (S.D. Ohio Feb. 6, 2009)

### PROTECTIVE ORDER

Both Parties move for a protective order. Plaintiff's proposed agreed order, [DN 27-1], and Defendants' unilateral request[3], [DN 2 5-4], are both denied for the same reason: good cause.[4]

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court, however, has increasingly scrutinized motions for protective order that do not make the necessary showing of good cause required by the Rules of Civil Procedure and case authority. See *Creason v. Experian Information Solutions, Inc.*, 5:21-cv-39-TBR-LLK (W.D. Ky. July 6, 2021) (Pacer) (collecting cases).

Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). Here, neither protective order meets the standard.

---

[3] Courts in this circuit have found that a party may move for a protective order even where they lack standing to quash a subpoena. See *Sanders v. City of Pembroke*, 2021 WL 3134666, at *2 (W.D. Ky. July 23, 2021); *Diamond Resorts Int'l, Inc. v. Phillips*, 2018 WL 4328257 at *2 (M.D. Tenn. July 16, 2018); *Gard v. Grand River Rubber & Plastics Co.*, 2021 WL 75655, at *5 (N.D. Ohio Jan. 8, 2021)
[4] In fact, neither party goes so far as reference good cause in briefing. [DN 25, 27, 29, 36].

First, in its current form, the Agreed Protective Order, [DN 27-1], cannot be entered because the Parties failed to articulate any specific facts to demonstrate a clearly defined and serious injury would result from the disclosure of the documents and information sought. Nowhere does the Agreed Protective Order state in any detail the premise for its entry. Likewise, nowhere does it demonstrate that a clearly defined and serious injury would result from the discovery sought. Without such information, the Parties have not met their burden.

Second, Defendants seek "a protective order requiring that commercial and financial documentation not be revealed" where "[t]he Non-Party Subpoenas seek confidential commercial documents and information in which Defendants have a substantial privacy interest. [DN 25]. Here, Defendants seek a protective order that is not merely seeking confidentiality, but to an order to prevent any disclosure at all. *Id.*

Defendants fail to demonstrate a clearly defined and serious injury, and thus cannot meet the standard of good cause. And, more specifically, in the context of confidential information, as claimed here, courts have looked as six different factors to determine whether there is a need to protect that information:

> (1) the extent to which the information is known outside of [the] business; the extent to which it is known by employees and others involved in [the] business; (2) the extent of measures taken . . . to guard the secrecy of the information; (4) the value of the information to [the business] to [its] competitors; (5) the amount of effort or money expended . . . in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016) (citing *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 535 (S.D. Ohio Jan. 17, 2014))); see also *Specialty Auto Parts USA, Inc. v. Holley Performance Products, Inc.*, 2020 WL

5

1914817 (W.D. Ky. April 20, 2020). The factors are not in their favor because these are not *their* financial records, but financial records *relating* to their business. And even if they were, Defendants bare assertions of the confidentiality and privacy interests fail to meet their burden.

There are also three independent factors of mitigation in the present case: (1) Plaintiff has a separate enforceable contract right to these records[5], [DN 27 at 6], which is facially clear from the purchase agreement, [DN 25-1 at 1-2]; (2) while the Court cannot enter the Agreed Protective Order, [DN 27-1], the parties may stipulate privately to the same, curing any harm; (3) Defendants are conducting identical discovery[6], [DN 27-2].

Further, while the Court must decline entry of the Agreed Protective Order based on a lack of good cause, Plaintiff is correct in that an Agreed Protective Order would resolve "Defendants' concerns of confidentiality[, which] can be addressed by the protections traditionally afforded in similar litigation requiring production and access to business and financial records." [DN 27 at 7]. The information sought includes "customer lists, sales figures, sales quantities, product pricing, account information, contracts, and information relating to Defendants' commercial negotiations[.]" [DN 25 at 2]. As the Defendants may have a privacy interest in keeping this information confidential, this Court will consider an Agreed Protective Order regarding such information to the extent that it demonstrates good cause and seeks confidentiality rather than the exclusion of certain documents from discovery.

---

[5] Plaintiff made a written request for these documents on July 29, 2021, to which Defendants did not respond. [DN 27 at 3]. This is consistent with statements by both Plaintiff and Defendant's counsel to this Court. [DN 26, 28].
[6] Defendant states that "[s]ales made by SMP and/or O2Prime to Semper Fire, SH Goren, and lionized Air are not attributable to Michael Hogue. . . . [DN 25 at 3, 25-2 at 2]. Plaintiff submits a competing affidavit from Michael Hogue, stating: "I have been informed that Darline Moore has testified in an affidavit that sales made by 02Prime and/or Semper Fire, SH Goren and Ionized Air were not attributable to me, Michael Hogue. This testimony is not true." [DN 36-1 at 2].

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash and for Protective Order, [DN 25], is **DENIED**, and the Court **DECLINES** to enter the parties Agreed Protective Order, [DN 27-1], but the Court will consider an Agreed Order that comports with this opinion.

   **IT IS SO ORDERED.**
    January 3, 2022

*[signature]*

**Lanny King, Magistrate Judge**
**United States District Court**

c:  Counsel of Record